[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13004
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00975-TJC-TEM

JOSE BARRIOS,

Plaintiff - Appellant,

versus

GINN-LA WEST END, LTD.,
GINN FINANCIAL SERVICES,
GINN DEVELOPMENT COMPANY, LLC,
ROBERT F. MASTERS, II,
EDWARD R. GINN, III,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 4, 2011)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Jose Barrios contracted to purchase undeveloped land from Ginn-La West End, Ltd., a Bahamian corporation with its principal place of business in Florida, as part of a proposed subdivision to be built on Grand Bahama Island. Barrios sued Ginn-La and its affiliates to rescind the contract, alleging that the defendants violated various provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq.

## I.

The defendants moved to dismiss the plaintiffs' complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that the contract contained an enforceable forum-selection clause that precluded venue in the Middle District of Florida. The forum-selection clause designated the Bahamas as the exclusive venue for any litigation "concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to, this Contract or any other agreement or instrument executed in connection with this Contract." In response to Ginn-La's motion to dismiss, Barrios contended that venue was proper in the Middle District of Florida. Barrios argued that the defendants who were not signatories to the contract could not invoke the forum-selection clause and that the forum-selection clause was unenforceable because the contract itself was unlawful.

The district court dismissed without prejudice Barrios' claim on the basis of improper venue and adopted the reasoning of the district court in <u>Liles v. Ginn-La West End, Ltd.</u>, No. 3:08-CV-1217, 2010 WL 5671779 (M.D. Fla. Mar. 30, 2010) (<u>Liles I</u>).  In <u>Liles I</u>, the district court was presented with claims against the same defendants that were substantially similar to the claims brought by Barrios in this case.  The district court in <u>Liles I</u> granted Ginn-La's motion to dismiss for improper venue because it found that the contract's forum-selection clause was enforceable.  This Court recently affirmed the district court's decision in <u>Liles I</u> and, like the district court in this case, also adopted the reasoning of the district court in <u>Liles I</u>.  See <u>Liles v. Ginn-La West End, Ltd.</u>, No. 10-11943, 2011 WL 284500 (11th Cir. Jan. 28, 2011) (<u>Liles II</u>).

II.

Barrios' appeal from the district court's dismissal of his complaint presents the same issues this Court decided in <u>Liles II</u>.[1]  The only issues that Barrios has

---

[1] Barrios makes several arguments for the first time on appeal, but we decline to address them.  See <u>Walton v. Johnson & Johnson Serv., Inc.</u>, 347 F.3d 1272, 1292 (11th Cir. 2003) (arguments not raised in the district court are waived on appeal).  In any event, because we affirmed the district court's rejection in <u>Liles I</u> of arguments identical to those raised by Barrios for the first time on appeal, we would reject his arguments for the same reasons.  See <u>Liles II</u>, 2011 WL 284500 at *3–*10 (discussing why the contract's forum-selection clause was not the product of fraud or overreaching and why its enforcement does not violate a strong public policy of the United States); <u>id.</u> at *4–*5 (recognizing that, although the contract contained a choice-of-law provision providing for the exclusive application of Bahamian law to issues arising out of the contract, "there is no dispute that the contracts incorporate ILSA disclosure rights and remedies"

3

properly preserved for appellate review, however, are those which he presented to the district court in his response to Ginn-La's motion to dismiss: whether the individual defendants may invoke the forum-selection clause when they were not parties to the contract, and whether the forum-selection clause is unenforceable because the contract itself was unlawful. The district court in Liles I addressed issues identical to those raised by Barrios' appeal, and its reasoning, which this Court adopted on appeal, applies equally to Barrios' claims. See Liles II, 2010 WL 284500 at *5, *11. We are persuaded by that same reasoning and follow it again here. Accordingly, in light of our decision in Liles II, the district court's order dismissing Barrios' complaint without prejudice for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure is AFFIRMED.

---

and "the contracts explicitly incorporate, and confer on Plaintiffs, ILSA-based rescission rights under United States law"); id. at *11 (concluding that "all the Ginn Defendants are entitled to invoke the Bahamian forum-selection clause in Plaintiffs' contracts" under a theory of equitable estoppel).